## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION<br>BUREAU *et al.*,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM SUPPORTING PLAINTIFF'S
## MOTION TO PROCEED UNDER PSEUDONYM

This is an action to enjoin the Consumer Financial Protection Bureau and its Director (the "Director") (collectively, the "Bureau" or "CFPB") from, among other things, publicizing its investigation of Plaintiff while "the CFPB is unconstitutionally structured because it is an independent agency headed by a single Director." *PHH Corp. v. CFPB*, 839 F.3d 1, 36 (D.C. Cir. 2016). Plaintiff respectfully requests that it be allowed to bring this action under the pseudonym John Doe Company because disclosure of Plaintiff's identity would effectively deny Plaintiff the relief it seeks in this lawsuit.

Plaintiff relies principally on *John Doe Co. No. 1 v. CFPB*, in which this Court held that pseudonymous treatment was appropriate where the plaintiff company, like Plaintiff here, was "the subject[] of ongoing government investigations" and the record demonstrated that "at least some of the [p]laintiffs would likely suffer debilitating injury if their identities are disclosed before the Bureau's investigation is completed." No. 15-CV-1177 (RDM), 2016 WL 3390677, at *1 (D.D.C. June 15, 2016). Plaintiff should likewise be permitted to use a pseudonym.

## FACTUAL BACKGROUND

The facts giving rise to this lawsuit are set out in Plaintiff's Complaint and Motion for Temporary Restraining Order and Preliminary Injunction. In short, Plaintiff is in the business of purchasing and selling the right to certain income streams. (Compl. ¶ 15.) Plaintiff purchases income streams from individuals who are entitled to receive periodic payments from a pension or similar source and who wish to sell a portion of the income stream derived from those payments. (Compl. ¶ 16.) Plaintiff also sells income streams to individuals who wish to buy the right to receive a monthly income stream for a fixed period, usually five or ten years. (Compl. ¶ 17.)

On November 23, 2016, the Bureau served a Civil Investigative Demand on Plaintiff (the "CID") (attached to Plaintiff's Complaint as Exhibit D). (Compl. ¶ 53.) The Bureau lacked the power to issue that CID because the Bureau is unconstitutionally structured. *See PHH Corp.*, 839 F.3d at 36.

On December 8, 2016, Plaintiff met and conferred with the Bureau by telephone and asked the Bureau to withdraw the CID. (Compl. ¶ 55.) The Bureau refused that request. (*Id.*)

On December 13, 2016, Plaintiff appealed to the Director by filing a petition to set aside or modify the CID. (Compl. ¶ 56); *see also* 12 C.F.R. § 1080.6(e) (providing the recipient of a CID the right to file such a petition). Plaintiff urged the Bureau to withdraw the CID because, among other reasons, the "Court of Appeals has temporarily stayed the issuance of its mandate" in *PHH Corp.* and therefore the "CID has no constitutional basis." (Pl.'s Pet. Set Aside or Modify CID at 4 (attached to Plaintiff's Complaint as Exhibit E).) Plaintiff also asked the Director not to publish Plaintiff's petition, as publishing the details of the CID and Plaintiff's request to revoke that CID would irreparably harm Plaintiff's business. (Compl. ¶ 56.)

On Friday, January 6, 2017, the Bureau notified Plaintiff that the Director had denied Plaintiff's request for confidential treatment and that the Bureau intends to publish Plaintiff's petition and the Director's denial of that petition "on or after January 13, 2016 [sic]." (*See* Email from Bureau to Plaintiff (Jan. 6, 2017) (attached to Plaintiff's Complaint as Exhibit F).)

The following Monday, January 9th, Plaintiff filed this lawsuit to enjoin the Bureau from publicizing its investigation of Plaintiff or otherwise taking any action adverse to Plaintiff. This action is appropriate because "the doctrine of separation of powers is a *structural safeguard* rather than a remedy to be applied only when specific harm, or risk of specific harm, can be identified." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 239 (1995).

## ARGUMENT

Plaintiff should be able to proceed under a pseudonym because its privacy interests outweigh the public's interest in knowing Plaintiff's identity and the Bureau's interest in revealing that identity.

"To determine whether a party may proceed anonymously, a court should consider the impact of the plaintiff's anonymity on the public interest in open proceedings and on fairness to the defendant." *Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). "This Court generally applies a five-part test to balance the concerns of plaintiffs seeking anonymity with those of defendants and the public interest." *Eley v. D.C.*, No. 16-CV-806 (BAH/GMH), 2016 WL 6267951, at *1 (D.D.C. Oct. 25, 2016). Those factors are as follows:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party and;

(5) the risk of unfairness to the opposing party from allowing an action against it
to proceed anonymously.

*Chao*, 587 F. Supp. 2d at 99.  Application of these five factors here demonstrates that Plaintiff

should be allowed to proceed under a pseudonym.

## I.    Plaintiff's Privacy Interest

"The interest at stake here—avoiding public knowledge of an inchoate federal

investigation—is one that the law often treats as substantial (and at times controlling)."  *John*

*Doe Co. No. 1 v. CFPB*, No. 15-CV-1177 (RDM), 2016 WL 3390677, at *6 (D.D.C. June 15,

2016).  This is particularly true where, as here, the government has not decided whether an

enforcement action is warranted.  *Id.* at *7.

Plaintiff will suffer grave injury to its reputation and business if the Bureau's

investigation is disclosed.  Specifically, that publicity will irreparably harm Plaintiff's business

by irreversibly branding Plaintiff's business as unfair, deceptive, abusive, and illegal.  (*See*

Compl. ¶ 61.)  Plaintiff employs and contracts with more than 100 people who provide various

sales, accounting, collections, operational, and other services to Plaintiff.  (Compl. ¶ 62.)  To

Plaintiff's knowledge, none of these people knows that the Bureau is investigating Plaintiff's

business practices.  (*Id.*)  Were they to become aware of such an investigation, most of these

employees and agents would immediately begin looking for other employment.  (*Id.*)  This is so

because the Bureau is investigating whether Plaintiff's core business—purchasing future income

streams—violates the Bureau's interpretation of federal consumer financial law.  (*Id.*)  This

investigation imperils Plaintiff's very existence.  (*Id.*)  Plaintiff's employees and agents will

recognize this reality, and many will decide that they can no longer depend on Plaintiff as the

source of income for themselves and their families.  (*Id.*)  Employees will also resign for fear

4

that continued employment and participation in Plaintiff's business practices may subject them personally to civil or criminal liabilities. (*Id.*)

Plaintiff also depends on various service providers to hold and transfer money, facilitate the purchase and sale of income streams, and otherwise keep Plaintiff's business running. (Compl. ¶ 63.) These providers are sophisticated entities that are wary of adverse publicity or entanglement with the Bureau. (*Id.*) They will sever their relationships with Plaintiff if the Bureau's investigation becomes public. (*Id.*) The loss of these relationships will prevent Plaintiff from functioning, thereby causing Plaintiff's employees to lose their livelihood and harming the third parties that have contracted with Plaintiff to buy income streams. (*Id.*)

## II.      Risk of Harm and Ages of Relevant Parties

Plaintiff is not a natural person. It is therefore not at risk of physical harm, nor does it have an age. These factors are inapplicable. *John Doe Co. No. 1 v. CFPB*, No. 15-CV-1177 (RDM), 2016 WL 3390677, at \*4 (D.D.C. June 15, 2016) ("The 'risk of retaliatory physical or mental harm' to the movant or a third party, or the age of the movant, for example, might be at issue in a case involving sensitive medical information or a threat of physical attack, but those factors are a poor fit for a case in which the movant is a business (as are all but one Plaintiff here) that seeks to avoid grave reputational and financial injury.").

## III.     Whether Action is Against the Government and Risk of Unfairness to Defendants

It is unclear what weight, if any, should be given to the Defendants' status as a governmental agency and the director of such an agency. Some courts have held that, "[w]hen a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Chao*, 587 F. Supp. 2d at 99 n.9 (quoting *Yacovelli v. Moeser*, No. 1:02CV596,

5

2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004)); *see also Doe v. Teti*, No. 1:15-MC-01380, 2015 WL 6689862, at *3 (D.D.C. Oct. 19, 2015) ("*Chao* and *Yaman* [*v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153 (D.D.C. 2011)] suggest that the status of a defendant as a governmental party tends to weigh in favor of granting a plaintiff's motion to proceed pseudonymously."). Other courts have "concluded that this factor weighed against anonymity because the governmental defendant would be prejudiced by having to defend a case without naming the plaintiff where the plaintiff nonetheless attacked the government publicly." *Teti*, 2015 WL 6689862, at *3. "Ultimately, the fact that a defendant is a governmental entity does not alone present more of a reason to allow a plaintiff to file a complaint anonymously.  Context matters." *Id.*

Here, context militates in favor of anonymity.  Plaintiff's constitutional claim has nothing to do with Plaintiff's status or conduct.  Rather, Plaintiff raises a structural challenge to the Bureau's authority to continue wielding the powers that the D.C. Circuit recently found exceed constitutionally permissible limits.  The Bureau's defense of this action will not require any discussion of Plaintiff's identity.

Moreover, the Bureau is not being forced to litigate against an unknown Plaintiff.  The factual background of this litigation reveals Plaintiff's identity to the Bureau.  It does not, however, reveal Plaintiff's identity to the public at large, since the Bureau's investigation has thus far remained confidential.  Plaintiff files this lawsuit in large part to maintain that confidentiality.

## CONCLUSION

Plaintiff challenges the Bureau's authority to investigate Plaintiff and publicize that investigation.  Pseudonymous treatment is appropriate because it "avoids the risk that the threat

of public disclosure of an ongoing Bureau investigation will unduly chill the subjects of investigations from seeking relief or that disclosure may be used—or perceived to be used— punitively against those who challenge the Bureau's authority." *John Doe Co. No. 1 v. CFPB*, No. 15-CV-1177 (RDM), 2016 WL 3390677, at *10 (D.D.C. June 15, 2016). That risk is particularly acute here because Plaintiff is seeking to protect the separation of powers enshrined in the Constitution.

This the 9th day of January, 2017.

**WOMBLE CARLYLE SANDRIDGE & RICE LLP**

/s/ Christopher W. Jones
Christopher W. Jones
*Pro Hac Vice Motion Pending*
Samuel B. Hartzell
*Pro Hac Vice Motion Pending*
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8173
Facsimile: (919) 755-6180
E-mail: cjones@wcsr.com
      shartzell@wcsr.com

Cathy A. Hinger
DC Bar No. 473697
1200 Nineteenth Street NW, Suite 500
Washington, DC 20036
Telephone: (202) 857-4489
Facsimile: (202) 261-0029
E-mail: chinger@wcsr.com

**DORSEY & WHITNEY LLP**

/s/ Ji-Hyun Jennifer Lee
Ji-Hyun Jennifer Lee
DC Bar No. 1029193
1801 K Street NW, Suite 750
Washington, DC 20006
Telephone: (202) 442-3572
Facsimile: (202) 315-3682
E-mail: lee.jenny@dorsey.com

Eric Epstein
*Pro Hac Vice Motion Pending*
51 West 52nd Street
New York, NY 10019-6119
Telephone: (212) 415-9309
Facsimile: (718) 877-3719
E-mail: epstein.eric@dorsey.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Memorandum Supporting Plaintiff's Motion to Proceed under Pseudonym with the Clerk of Court.

I hereby further certify that a copy of the foregoing Memorandum Supporting Plaintiff's Motion to Proceed under Pseudonym has been hand served on Defendants at the following addresses:

Consumer Financial Protection Bureau
1700 G St NW
Washington, DC 20552

Richard Cordray
Director of the Consumer Financial Protection Bureau
1700 G St NW
Washington, DC 20552

This the 9th day of January, 2017.

WOMBLE CARLYLE SANDRIDGE & RICE LLP

Cathy A. Hinger
DC Bar No. 473697
1200 Nineteenth Street NW, Suite 500
Washington, DC 20036
Telephone: (202) 857-4489
Facsimile: (202) 261-0029
E-mail: chinger@wcsr.com

*Attorney for Plaintiff*