# Exhibit G



_____

IN RE █████████████████████████

2016-MISC-████████████████████-0001

_____

**DECISION AND ORDER ON PETITION BY █████████████████████**
       ██ **TO SET ASIDE OR MODIFY CIVIL INVESTIGATIVE DEMAND**

██████████████████████, the recipient of a civil investigative demand (CID) from the Consumer Financial Protection Bureau's Office of Enforcement, has petitioned for an order to set aside or modify the CID. For the reasons set forth below, the petition is denied.

## FACTUAL BACKGROUND

On November 23, 2016, the Bureau issued a CID to █████████████████ ██ seeking information about its products, services, and operations. The CID's "Notification of Purpose" stated that the CID was issued "to determine whether financial-services companies or other persons have engaged or are engaging in unlawful acts and practices in connection with offering or providing extensions of credit or financial advisory services related to transactions involving pensions, annuities, settlements, or other future-income streams in violation of §§ 1031 and 1036 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531, 5536, or any other Federal consumer-financial law," and to determine whether "Bureau action to obtain legal or equitable relief would be in the public interest." The CID posed ten document requests, two requests for written reports, and nine interrogatories. The CID required ██ to produce the requested documents, responses to interrogatories, and written reports by December 14, 2016. Pursuant to the Bureau's rules, ██ was required to schedule a meeting (meet-and-confer) to occur within ten days of its receipt of the CID.

██ counsel engaged in a meet-and-confer call with Enforcement on December 8, 2016. ██ filed its Petition to Modify or Set Aside the CID (Petition) on December 13, 2016.

1

## LEGAL DETERMINATION

█ offers three arguments as to why the CID should be set aside. None warrants setting aside the CID.

*First*, █ argues that the CID is improper because the Bureau's structure is unconstitutional. █ therefore asks the Bureau to withdraw the CID or to stay any further action pending additional proceedings in *PHH v. CPFB*, Case No. 15-1177 (D.C. Cir.). █ constitutional challenge is not properly raised in this administrative proceeding, however, because "government agencies may not entertain a constitutional challenge to authorizing statutes." *United Space Alliance, LLC v. Solis*, 824 F. Supp. 2d 68, 97 n.10 (D.D.C. 2011) (quotation omitted); *see Buckeye Indus., Inc. v. Sec'y of Labor, Occupational Safety & Health Review Comm'n*, 587 F.2d 231, 235 (5th Cir. 1979) ("[n]o administrative tribunal of the United States has the authority to declare unconstitutional the Act which it is called upon to administer"); *Robinson v. United States*, 718 F.2d 336, 338 (10th Cir. 1983) (same). Accordingly, █ constitutional arguments provide no basis for modifying or setting aside any provision of the CID.

*Second*, █ argues that the CID exceeds the Bureau's jurisdiction. To make this claim, █ guesses that the Bureau's CID is "based on a theory that the sale of a future income stream in exchange for a lump-sum payment is a loan, and, as such, is a consumer financial product or service under 12 U.S.C. § 5481(15)(A)(i)." Pet. at 5. █ argument fails. The CFPA authorizes the Bureau to issue CIDs to "any person" who may have information "relevant to a violation." 12 U.S.C. § 5562(c)(1). Because this authority extends to *any* person – not only covered persons or service providers – who may possess relevant information, the company's argument does not relate to the scope of the Bureau's investigative authority. Instead, the company's argument offers a premature substantive defense against claims the Bureau has not asserted and may not assert. As the Bureau has previously explained, an entity's fact-based arguments about whether it is subject to or has complied with substantive provisions of the CFPA are not defenses to the enforcement of a CID. *See In re Zero Parallel, LLC*, 2016-MISC-Zero Parallel-0001, at 2-3 (July 14, 2016);[1] *In re J.G. Wentworth, LLC*, 2015-MISC-J.G. Wentworth, LLC-0001, at 2 (Feb. 11, 2016);[2] *In re Next Generation Debt Settlement, Inc.*, 2012-MISC-Next Generation Debt Settlement-0001, at 2 (Oct. 5, 2012).[3] Courts have agreed with federal agencies that have reached the same conclusion in similar circumstances. *See SEC v. Savage*, 513 F.2d 188, 189 (7th Cir. 1975) (SEC not required to establish that company's commodities future contracts were "securities" within the meaning of the Securities Act before subpoena would be enforced). The Supreme Court has "consistently reaffirmed" the principle that "courts should not refuse to enforce an

---

[1] *Available at* https://s3.amazonaws.com/files.consumerfinance.gov/f/documents/ Decision_and_Order_on_Petition_by_Zero_Parallel_LLC_to_Modify_or_Set_ A...pdf.

[2] *Available at* http://files.consumerfinance.gov/f/201602_cfpb_decision-and-order-n-petition-by-jg-wentworth-llc-to-modify-or-set-aside-civil-investigative-demand.pdf.

[3] *Available at* http://files.consumerfinance.gov/f/201210_cfpb_2012-MISC-Next-Generation-Debt-Settlement-0001-Order.pdf.

administrative subpoena when confronted by a fact-based claim regarding coverage or compliance with the law." *EEOC v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001) (citing, *inter alia, United States v. Morton Salt Co.*, 338 U.S. 632, 652-53 (1950)). The Bureau's inquiry is thus within its authority. *See Morton Salt Co.*, 338 U.S. at 652-53 (government investigation is appropriate if "the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant"). Moreover, at least one Bureau investigation to date has revealed that a company that purported merely to purchase assets from consumers was actually engaged in lending to those consumers. *See* Complaint, *CFPB v. Pension Funding, LLC*, No. 8:15-cv-1329 (C.D. Cal. Aug. 20, 2015).[4] In another case, the Bureau has alleged that a structured settlement factoring company violated the CFPA in connection with a third party's provision of financial advisory services and its own advances to consumers. *See* Complaint, *CFPB v. Access Funding, LLC*, No. 1:16-cv-03759 (D. Md. Nov. 21, 2016).[5]

*Third*, ▉ argues that the CID is improper because it does not seek information relevant to a legitimate purpose. To make this argument, ▉ relies largely on its claim that it is not extending credit to consumers. ▉ argument assumes that the Bureau is investigating ▉ exclusively on the theory that ▉ itself is extending credit or providing financial advisory services. As explained above, such fact-based claims about the application of the CFPA are not a defense to the enforcement of a CID. ▉ then contends that the Bureau's CID is improper because it requests information relevant to "income-stream-advance transactions" as opposed to financial advisory services. The crucial issue with respect to relevance is whether the material sought by the agency's compulsory process is reasonably relevant to the purpose of the investigation. *See Morton Salt Co.*, 338 U.S. at 652-53. This "test is satisfied if the documents sought are not plainly irrelevant to the investigative purpose." *FTC v. Carter*, 636 F.2d 781, 788 (D.C. Cir. 1980) (quotation omitted). Here, a stated purpose of the investigation is to determine whether certain persons have engaged in "unlawful acts and practices in connection with offering or providing extensions of credit or financial advisory services related to transactions involving pensions, annuities, settlements, or other future-income streams." The CID's requests for information concerning "income-stream-advance transactions" are thus plainly relevant to the purpose of the investigation.

▉ further suggests that because the Bureau had not taken any official action with respect to pension advances as of June 2014, the CID is somehow improper. Besides relying on the faulty factual premise that the Bureau has not previously addressed pension advance products, *see supra* note 4, ▉ argument fails because it assumes, incorrectly, that the Bureau may not investigate conduct unless it has previously formulated and announced every legal interpretation that might be relevant to that investigation. Whatever fair notice arguments that ▉ (or any other person) might have are not relevant at this stage; such questions should wait until any enforcement action is brought. *See United States v. Constr. Prod. Research, Inc.*, 73

---

[4] *Available at* http://files.consumerfinance.gov/f/201508_cfpb_complaint-pension-funding-llc-pension-income.pdf.

[5] *Available at* http://files.consumerfinance.gov/f/documents/201611_cfpb_Access_Funding_Complaint_filed.pdf.

F.3d 464, 470 (2d Cir. 1996). Finally,  asks for the CID to be limited to what ⬛ terms the "threshold issue" of whether ⬛ is a covered person, but that is not a threshold issue at all. Indeed, the stated purpose of the investigation is to determine whether certain persons have engaged in "unlawful acts and practices in connection with offering or providing extensions of credit or financial advisory services related to transactions involving pensions, annuities, settlements, or other future-income streams," and is not limited only to violations in connection with consumer financial products or services that ⬛ offers or provides.

In the alternative, ⬛ asks the Bureau to modify the request in four ways.

*First*, ⬛ claims the CID should be limited to data from December 1, 2013 until the date of full and complete compliance with the CID in light of the three-year statute of limitations contained in 12 U.S.C. § 5564(g). But ⬛ ignores that the limitations period it cites only begins running "after the date of discovery of the violation to which an action relates." 12 U.S.C. § 5564(g)(1). So even if the Bureau could not seek relevant information merely because it is not within a potentially applicable statute of limitations (which is not the case),[6] there is no reason to believe that the Bureau discovered any violations committed by ⬛ on or before December 1, 2010, which would have caused the statute to start running.

*Second*, ⬛ claims the geographic scope is overbroad because ⬛ believes that the CID stems from a joint investigation with the Los Angeles City Attorney. It then speculates that the investigation is focused on customers located in Los Angeles or California. Because the Bureau's investigation is not limited to Los Angeles or California, ⬛ request to restrict the CID geographically is without any possible basis.

*Third*, ⬛ claims that the CID is overly broad because it defines "Company," "you," and "your" to include, among others, "consultants, attorneys, accountants, independent contractors, and other persons working for or on behalf of the foregoing." In particular, ⬛ claims that it will be unable to satisfy the request for "[a]ll of the Company's training manuals and materials" because, as applied to such third parties, this request seeks "documents [that] belong to those persons and entities, not to ⬛." ⬛ misreads the request. The CID request does not seek all training manuals on any subject maintained by ⬛ and anyone who works on behalf of ⬛ (whether those manuals have anything to do with ⬛ or not); rather the document request seeks "training manuals and materials ... related to advertising income-stream advance transactions, purchasing or acquiring the rights to income-stream payments, collecting income-stream payments, and transferring or selling the rights to income-stream payments," Pet., Ex. A, Request for Documents No. 8, but only to the extent that those materials are in ⬛ "possession, custody, or control," Pet., Ex. A, Instructions III.I. To be sure, materials within ⬛ possession, custody, or control can include materials that are within the possession, custody, or control of ⬛ "attorneys, accountants, other

---

[6] *See, e.g.*, *In re PHH Corporation*, 2012-MISC-PHH Corp-0001, at 7-8 (Sept. 20, 2012), *available at* http://files.consumerfinance.gov/f/201209_cfpb_setaside_phhcorp_ 0001.pdf.

agents or consultants, directors, officers, and employees." Pet., Ex. A, Instructions III.I. The CID issued to ▮ however, does not seek materials from ▮ that are within the possession, custody, or control of ▮ attorneys, accountants, or other agents but that are not also within ▮ possession, custody, or control. *Cf.* 12 U.S.C. § 5562(c)(1).

*Fourth,* ▮ claims that two requests concerning ▮ financial assets, revenues, and profits should be struck as irrelevant. However, it is well settled that company financial information can be relevant to an agency's investigation into potential violations of consumer protection laws. *See, e.g., FTC v. Invention Submission Corp.,* 965 F.2d 1086, 1089-90 (D.C. Cir. 1992) (upholding enforcement of FTC CIDs seeking financial records of company in an investigation of potential unfair and deceptive practices); *cf. also In re McVane,* 44 F.3d 1127, 1139-40 (Jan. 12, 1995) (upholding enforcement of FDIC subpoena concerning financial records of directors of failed bank).

*Finally,* ▮ requests confidential treatment of the CID, the Petition, and this Order. The Bureau's regulations governing investigations provide, in 12 C.F.R. § 1080.6(g), that a petition to modify or set aside a CID and the Director's Order in response thereto are "part of the public records of the Bureau unless the Bureau determines otherwise for good cause shown." A petitioner bears the burden of showing good cause for non-public treatment of its petition. This standard mirrors that of the Federal Trade Commission and is consistent with the "general policy favoring disclosure of administrative agency proceedings." *FCC v. Schreiber,* 381 U.S. 279, 293 (1965) (affirming agency authority to promulgate rule generally requiring public disclosure of investigative information). In evaluating whether a petitioner has shown "good cause" to prevent public disclosure of petitions and responsive orders under 12 C.F.R. § 1080.6(g), the Bureau generally looks to the standards for withholding material from public disclosure established by Freedom of Information Act (FOIA) amendments to the Administrative Procedure Act.[7] Accordingly, the Bureau will publicly disclose a petition to modify or set aside a CID unless either the petitioner has made a factual showing that information in the petition falls within one of the FOIA exemptions or the Bureau determines that there exists other good cause to withhold all or a portion of the petition from public disclosure and the withheld information is not otherwise required by law to be made public.

Here, ▮ has made no effort to identify any material that would be protected by FOIA. Rather, ▮ contends that it would be inappropriate to make public the fact that it has received a CID while the constitutionality of the Bureau's structure remains a subject of litigation. But ▮ offers no convincing explanation why the existence of the ongoing constitutional litigation reduces the importance of the transparency values served by the presumption, announced in the Bureau's regulations, that petitions to modify or set aside CIDs and orders addressing such petitions be "part of the public records of the Bureau." 12 C.F.R. § 1080.6(g). I therefore find that ▮ has not shown good cause for non-public treatment of the CID, its Petition, and this Order.

---

[7] *See In re Zero Parallel, LLC,* 2016-MISC-Zero Parallel-0001, at 2-3 (July 1, 2016), *available at* https://s3.amazonaws.com/files.consumerfinance.gov/f/documents/Zero_ Parallel_confidentiality_decision_6-30-16_FINAL_with_signature.pdf.

## CONCLUSION

For the foregoing reasons, ▮▮▮▮ petition to modify or set aside the CID is denied. ▮▮▮ is directed to produce all responsive documents, items, and information within its possession, custody, or control that are covered by the CID, within 10 calendar days of this Decision and Order. The company is welcome to engage in discussions with Staff about any further suggestions for modifying the CID, which may be adopted by the Assistant Director for Enforcement or his Deputy as appropriate.

*Richard Cordray*
_____
Richard Cordray, Director

January 5, 2017