IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE COMPANY,

   Plaintiff,

v.

CONSUMER FINANCIAL
PROTECTION BUREAU *et al.*,

   Defendants.

Civil Action No. 1:17-cv-0049 (RC)

**DEFENDANTS' MOTION TO DISMISS**

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................ 1

BACKGROUND .............................................................................................................................. 2

LEGAL STANDARDS .................................................................................................................... 4

ARGUMENT .................................................................................................................................... 5

    I.    This Court Lacks Jurisdiction Over Plaintiff's Claims. ..................................................... 6

        A.  Plaintiff's publication claims are moot. ................................................................. 6

        B.  This Court does not have jurisdiction over Plaintiff's constitutional challenge to the Bureau's investigation. ............................................................................................ 7

        C.  Plaintiff does not have standing to challenge anything other than the Bureau's investigation. ............................................................................................................ 9

        D.  Plaintiff's preemptive challenge to future Bureau actions is not ripe. ................. 10

    II.   Plaintiff Has Failed To State A Claim. ........................................................................... 11

        A.  Plaintiff cannot state a claim for injunctive relief because it cannot show irreparable harm or the absence of an adequate remedy at law. ............................................. 12

        B.  Plaintiff's request for declaratory relief that would interfere with the pending action in California should be dismissed. ............................................................................ 13

CONCLUSION ............................................................................................................................... 15

**INTRODUCTION**

This Court and the D.C. Circuit have each already rejected the basic premises of Plaintiff's claim for declaratory and injunctive relief. For many of the same reasons, this Court should now dismiss Plaintiff's Complaint.

By statute, the Consumer Financial Protection Bureau (CFPB or Bureau) can only enforce its civil investigative demands (CIDs) by filing a petition to enforce in an appropriate district court. Nevertheless, after the Bureau denied Plaintiff's request to set aside a CID, Plaintiff sued the Bureau in this Court. Plaintiff sought a preliminary injunction to prevent the Bureau from proceeding with its investigation or publicizing Plaintiff's identity. This Court denied Plaintiff's motion for preliminary injunction because, among other things, it found that Plaintiff would not suffer irreparable harm if it were required to follow the statutory process of responding to a Bureau petition to enforce the CID.

Plaintiff appealed this Court's decision to the D.C. Circuit and sought an injunction pending appeal. The D.C. Circuit denied Plaintiff's motion pending appeal. The Court of Appeals agreed with this Court that Plaintiff could not demonstrate irreparable harm from not being permitted to mount a collateral constitutional attack on the Bureau's investigation. And, as relevant here, the Court of Appeals did not believe that Plaintiff had standing to mount a standalone facial challenge or that courts in this circuit provided a proper forum for Plaintiff's constitutional claims.

Consistent with the rejection of Plaintiff's claims by this Court and the D.C. Circuit, the Bureau has petitioned the Central District of California for an order requiring Plaintiff to comply with the CID, and Plaintiff's identity is now public.

Now that Plaintiff's identity has been disclosed and this Court and the D.C. Circuit have rejected the principal bases for Plaintiff's claim for declaratory and injunctive relief, there is nothing left to do but dismiss Plaintiff's Complaint.

## BACKGROUND

In November 2016, the Bureau issued a CID to Plaintiff seeking information about its products, services, and operations. Compl. ¶ 53. Plaintiff filed a petition to modify or set aside the CID. *Id.* ¶ 56. In a written order by its Director, the Bureau considered Plaintiff's arguments and denied its petition. *Id.* Exhibit G. The Bureau also denied Plaintiff's request for confidential treatment. *Id.* ¶ 59.

Although neither the Bureau's order nor the CID was self-enforcing, Plaintiff "raced to court." Mem. Op. at 2, ECF No. 31 (Mem. Op.). Plaintiff's Complaint alleged that the Bureau's structure violated the separation of powers, Compl. ¶¶ 64-71, that the Bureau's past and future conduct deprives Plaintiff "of liberty without due process because the Bureau is an independent agency headed by a single director,"[1] *id.* ¶ 76, and that the Bureau's "determination that good cause exists to publicly disclose Plaintiff's Petition, the CID, and the Director's Decision and Order is … arbitrary and capricious, and contrary to law" in violation of the Administrative Procedure Act (APA), *id.* ¶ 81.

As relief, the Complaint requests a declaration that the Bureau's structure is unconstitutional, a permanent injunction prohibiting "the Bureau from taking any further action against Plaintiff, including publication of Plaintiff's petition to set aside or modify civil investigative demand or initiation of an enforcement action against Plaintiff," "an order and

---

[1] Because the Complaint's due process claim appears to be entirely derivative of its separation-of-powers claim, this Motion does not independently address the due process claim.

judgment vacating the CID and the Director's Decision and Order in response to Plaintiff's petition," and costs and attorneys' fees. Compl. Prayer for Relief.

Plaintiff also moved for a preliminary injunction and injunction pending appeal to prevent the Bureau from taking any adverse action against it while proceedings in this Court and the Court of Appeals were ongoing. This Court denied Plaintiff's motion for a preliminary injunction in its entirety, because Plaintiff could neither demonstrate a likelihood of success on the merits nor irreparable harm. *See generally* Mem. Op. This Court granted Plaintiff a brief injunction pending appeal with respect to publication of its identity so that Plaintiff's publication claims would not be mooted before Plaintiff had an opportunity to seek relief from the Court of Appeals. *Id.* 18-19.

Plaintiff sought an emergency injunction pending appeal in the D.C. Circuit. The D.C. Circuit denied that request. The Court of Appeals concluded that Plaintiff could demonstrate neither a likelihood of success on the merits nor irreparable harm. As relevant here, the Court of Appeals determined that Plaintiff did not have standing for a broad facial challenge to the Bureau's structure and operations. Rather, according to the Court of Appeals, Plaintiff only had standing with respect to the Bureau's CID. *John Doe Co. v. CFPB*, No. 17-5026, --- F.3d ---, 2017 WL 875030, at *3 (D.C. Cir. Mar. 3, 2017). The Court of Appeals also found that under *Jarkesy v. SEC*, 803 F.3d 9, 12 (D.C. Cir. 2015), *Morgan Drexen Inc. v. CFPB*, 785 F.3d 684, 694 (D.C. Cir. 2015), and *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 215-26 (1994), "this court is not the proper forum for the Company to press its separation of powers claim." *John Doe Co.*, 2017 WL 875030, at *4. The D.C. Circuit likewise rejected, as inconsistent with precedent, Plaintiff's claims that an allegation of a separation-of-powers violation constituted per se irreparable harm. *Id.* According to the D.C. Circuit, "[t]hat is doubly so here where the only

consequence of denying an injunction pending appeal in the Company's pre-enforcement suit is that it must raise its separation-of-powers arguments in the pending CID enforcement action in district court." *Id.* Judge Kavanaugh dissented, arguing that Plaintiff was likely to succeed on the merits for the reasons set forth in the vacated panel opinion in *PHH Corp. v. CFPB*, 839 F.3d 1 (D.C. Cir. 2016), and that Plaintiff had demonstrated irreparable harm because the Bureau has "issued binding rules governing the plaintiff's conduct" and has authority to bring an enforcement action against Plaintiff.[2] *John Doe*, 2017 WL 875030, at *6 (Kavanaugh, J., dissenting).

Meanwhile, the Bureau filed under seal a petition to enforce the CID in the United States District Court for the Central District of California. *See* Pet. to Enforce Civil Investigative Demand, *CFPB v. Future Income Payments, LLC*, No. 8:17cv303 (C.D. Cal. Feb. 21, 2017). After the D.C. Circuit denied Plaintiff's motion for an injunction pending appeal, the Central District of California clerk's office unsealed the case and the court set a briefing schedule. *See* Order, *CFPB v. Future Income Payments, LLC*, No. 8:17cv303 (C.D. Cal. Mar. 9, 2017). Under that schedule, Plaintiff, raising the same constitutional challenge it seeks to raise in this Court, filed its opposition to the petition on March 20, 2017. The Bureau will file its reply on or before March 31, 2017. *Id.* A hearing is currently scheduled for April 14, 2017. *Id.*

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction, so "[i]t is the plaintiff's burden to establish that the court has subject matter jurisdiction." *La Botz v. Fed. Election Comm.*, 61 F. Supp. 3d 21, 27 (D.D.C. 2014). Thus, on a motion to dismiss for lack of subject matter

---

[2] *But see John Doe Co.*, 2017 WL 875030, at *3 n.1 ("Nor does the Company object to any other regulatory measure taken by the Bureau, or identify in its injunction papers other regulatory burdens to which it objects.").

jurisdiction under Fed. R. Civ. P. 12(b)(1), the court may consider facts outside the complaint as necessary to assure itself of its jurisdiction. *See id.*

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In particular, a complaint must include factual allegations showing that the plaintiff is entitled to the "specific relief sought." *D.C. Prof'l Taxicab Drivers Ass'n v. D.C.*, 880 F. Supp. 2d 67, 71 (D.D.C. 2012).

"Furthermore, and of particular relevance here, when a plaintiff seeking declaratory and injunctive relief has an 'adequate remedy at law for the asserted violation of his constitutional rights,' the claim must be 'dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).'" *Morgan Drexen, Inc. v. CFPB*, 979 F. Supp. 2d 104, 111 (D.D.C. 2013) (quoting *Leitner v. United States,* 725 F.Supp.2d 36, 43 (D.D.C.2010)), *aff'd* 785 F.3d 684 (D.C. Cir. 2015).

## ARGUMENT

This Court should dismiss the Complaint for lack of jurisdiction and for failure to state a claim.

None of Plaintiff's claims are justiciable in this Court. Plaintiff's claims challenging publication of the Bureau's investigation are moot. Plaintiff's claims attacking the Bureau's investigation are outside this Court's jurisdiction (although they may be raised by Plaintiff in the Central District of California). Plaintiff does not have standing to challenge anything other than the Bureau's investigation and even if it did, such claims would not be ripe.

Even if this Court did have subject matter jurisdiction, Plaintiff's claims fail on the merits because, as this Court has already found, Plaintiff will not suffer irreparable harm and has an

5

adequate remedy at law because it can raise its constitutional arguments in the already pending action in the Central District of California.

## I.     This Court Lacks Jurisdiction Over Plaintiff's Claims.

This Court does not have jurisdiction over Plaintiff's claims for at least four overlapping reasons. First, Plaintiff's claims related to the publication of the CID documents are moot. Those documents are now part of the public records of the Bureau and the Central District of California. Second, this Court lacks jurisdiction over Plaintiff's constitutional challenge to the Bureau's investigation. Congress set up an exclusive statutory review scheme for judicial review of the Bureau's civil investigative demands that precludes district courts from exercising jurisdiction over disputes about Bureau investigations in the absence of an appropriate petition. Third, Plaintiff does not have standing to challenge anything other than the Bureau's investigation. Finally, Plaintiff's claims are unripe to the extent they challenge future Bureau actions beyond the investigation.

### A. Plaintiff's publication claims are moot.

Plaintiff's APA claim and its request for an injunction enjoining the Bureau from publishing the CID documents are moot. After this Court and the D.C. Circuit concluded that Plaintiff would not be irreparably harmed by disclosure of its identity, the Bureau published unredacted copies of the CID documents on its website. The parties have also filed copies of these materials with both this Court and the Central District of California.[3]

As a result, this Court should dismiss as moot Plaintiff's APA challenge to the "Bureau's decision to publish Plaintiff's Petition, the CID, and the Director's Decision and Order," Compl. ¶ 78, as well as its request for an order enjoining "publication of Plaintiff's petition to set aside

---

[3] The Bureau understands that the unredacted copies of the CID documents that Plaintiff filed in this Court will be unsealed if the Court denies Plaintiff's motion to proceed under pseudonym.

6

or modify civil investigative demand," Compl. Prayer for Relief. At this point, vacating the Bureau's decision to disclose these documents or enjoining their publication would not provide Plaintiff relief. *See* Mem. Op. at 18 (explaining that "significant portions of Plaintiff's sought-after remedy would become moot" if these materials were published); *Doe No. 1 v. Reed*, 697 F.3d 1235, 1240 (9th Cir. 2012) (adopting "commonsense conclusion that once a fact is widely available to the public, a court cannot grant any 'effective relief' to a person seeking to keep that fact a secret"). Because the relief Plaintiff sought in the Complaint cannot redress any injury it might still assert based on its publication claims, these claims are moot. *See Exxon Corp. v. FTC*, 589 F.2d 582, 586 (D.C. Cir. 1978) ("Some of the information that the appellants sought to protect has already been disclosed, and this appeal is moot as to this material.").

    **B. This Court does not have jurisdiction over Plaintiff's constitutional challenge to the Bureau's investigation.**

This Court lacks jurisdiction over Plaintiff's constitutional challenge under *Jarkesy v. SEC*, 803 F.3d 9 (D.C. Cir. 2015). *See also Tilton v. SEC*, 824 F.3d 276 (2d Cir. 2016); *Bebo v. SEC*, 799 F.3d 765 (7th Cir. 2015). Congress determined that disputes — like this one — regarding Bureau investigations should be resolved pursuant to a special statutory review process culminating in a petition to enforce a civil investigative demand in district court. *See* Defs.' Opp'n to Pl.'s Mot. for TRO and Prelim. Inj. at 33-37, ECF No. 15-2. Thus, as the D.C. Circuit has already found, "this court is not the proper forum for the Company to press its separation of powers claim." *John Doe Co.*, 2017 WL 875030, at *4.

The D.C. Circuit has "held on multiple occasions that, even if a party is the subject of an arguably unconstitutional regulatory action, that constitutional argument should be raised within the context of an administrative enforcement proceeding." *Id.* (citing *Jarkesy*, 803 F.3d at 12, *Morgan Drexen Inc. v. CFPB*, 785 F.3d 684, 694 (D.C. Cir. 2015), and *Thunder Basin Coal Co.*

7

*v. Reich*, 510 U.S. 200, 215-16 (1994)). This is because where "a special statutory review scheme exists, … 'it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies.'" *Jarkesy*, 803 F.3d at 15  (quoting *City of Rochester v. Bond*, 603 F.2d 927, 931 (D.C. Cir. 1979)).

Here, the special scheme that Congress set up for civil investigative demands provides the exclusive forum for Plaintiff's constitutional challenge to the Bureau's investigation. As the D.C. Circuit explained, Plaintiff has "immediate access to another forum in which it can raise its constitutional claim:  the enforcement action pending in the United States District Court for the Central District of California." *John Doe Co.*, 2017 WL 875030, at *4. The D.C. Circuit rejected Plaintiff's assertion that its purported standalone pre-enforcement constitutional challenge was exempt from the congressionally-mandated review system because Plaintiff "has made no argument whatsoever that requiring it to raise its claim in an actual enforcement proceeding would somehow 'foreclose all meaningful judicial review.'" *Id.* at *4 (quoting *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 489 (2010)). Nor, unlike the plaintiffs in *Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967), has Plaintiff "identified any exceptional measures it must undertake in response to the CID." *John Doe Co.*, 2017 WL 875030, at *4.

In sum, there is "'no reason to conclude that Congress intended to exempt' [Plaintiff's separation-of-powers] challenge" from the statutory scheme for judicial review of Bureau CIDs set up by Congress. *See Jarkesy*, 803 F.3d at 29. As a result, this Court lacks jurisdiction over Plaintiff's constitutional claims particularly to the extent that they challenge or seek to restrain the Bureau's investigation.

### C. Plaintiff does not have standing to challenge anything other than the Bureau's investigation.

Plaintiff lacks standing to the extent that it seeks relief that is unrelated to the Bureau's investigation of Plaintiff. To demonstrate standing, Plaintiff must show for each claim and for each form of relief that it has "suffered an 'injury in fact[]' that is (a) concrete and particularized and (b) actual or imminent." *Sabre, Inc. v. U.S. Dep't of Transp.*, 429 F.3d 1113, 1117 (D.C. Cir. 2005) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000)); *see also Davis v. FEC*, 554 U.S. 724, 734 (2008) (explaining that standing is not "dispensed in gross," rather, a plaintiff "must demonstrate standing for each claim he seeks to press and for each form of relief that is sought" (quotation marks omitted)).

Although Plaintiff generally claims that it is harmed by the Bureau's structure, the only potentially particularized injury the Complaint alleges is in connection with Plaintiff's receipt of a CID. Plaintiff does not claim injury from any regulatory action taken by the Bureau; nor does it assert that the Bureau has otherwise imposed regulatory burdens on it. *See* Mem. Op. at 14 & n.5 (noting Plaintiff's failure to provide "evidence that [it] is being concretely harmed by the current state of affairs" and observing that "Plaintiff does not allege that it has a right not to be investigated"). Thus, as the D.C. Circuit has already concluded in this case, Plaintiff has only demonstrated standing to assert that the issuance of the CID violated the separation of powers. *John Doe Co.*, 2017 WL 875030, at *3 (explaining that Plaintiff was required to "demonstrate that the action of merely requesting information from private entities subject to regulation is by itself exclusively confined to the Executive Branch, and thus that issuance of this CID by the Bureau violates the separation of powers"). Plaintiff has not demonstrated standing to mount a facial challenge to the Bureau's structure or to seek to enjoin other actions that the Bureau might potentially take in the future. *See id.* (holding that because the "only thing that happened prior to

9

the Company filing its pre-enforcement suit was the Bureau's issuance of an investigative demand," Plaintiff only had standing to assert separation-of-powers claims with respect to that demand).

### D. Plaintiff's preemptive challenge to future Bureau actions is not ripe.

Even if Plaintiff had standing to mount a pre-enforcement challenge to future Bureau actions, its claims are not ripe.[4] *Cf. State Nat'l Bank of Big Spring v. Lew*, 795 F.3d 48, 54 (D.C. Circ. 2015).

*First*, and most importantly, as both this Court and the D.C. Circuit have found, Plaintiff cannot demonstrate any "hardship" from "withholding court consideration." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003). This Court found that even without a preliminary injunction, "John Doe Co. need not do anything" because "[i]f the CFPB decides to bring an enforcement action against John Doe Co., Plaintiff will have an adequate federal forum in which to raise its constitutional arguments wherever the CFPB brings suit." Mem. Op. at 14. The D.C. Circuit agreed, explaining that Plaintiff "has come to this Court to halt an agency action that requires nothing on its part, and certainly does not force it to 'bet the farm.'" *John Doe Co.*, 2017 WL 875030, at *4 (quoting *Free Enter. Fund*, 561 U.S. at 490).

*Second*, "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523

---

[4] To be clear, Plaintiff both lacks standing for these claims and cannot show the claims are ripe because the two doctrines both require an "injury-in-fact that is 'imminent' or 'certainly impending.'" *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386 (D.C. Cir. 2012) (quoting *Nat'l Treasury Emps. Union v. United States*, 101 F.3d 1423, 1427-28 (D.C. Cir. 1996)); *accord Chlorine Inst., Inc. v. Fed. R.R. Admin.*, 718 F.3d 922, 927 (D.C. Cir. 2013). To the extent, that this Court determines, contrary to the conclusion of the D.C. Circuit, that Plaintiff has properly alleged an imminent or certainly impending injury-in-fact with respect to its non-CID claims, it should hold that Plaintiff's claims are prudentially unripe. *See Am. Petroleum Inst.*, at 386-87.

U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbine Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)). Here, there is no evidence that an enforcement action against Plaintiff is imminent or even currently contemplated. *See* Mem. Op. at 14 ("John Doe Co. has failed to show that it will suffer irreparable harm while awaiting an enforcement action that may never come."). To date, the Bureau has sent Plaintiff a CID and petitioned to enforce that CID in the Central District of California. The Bureau's CID states expressly that "[t]he purpose" of the investigation is to determine whether violations have actually occurred and "whether Bureau action to obtain legal or equitable relief would be in the public interest." Compl. Ex. D at 4. Particularly because Plaintiff has not yet responded to the Bureau's document and information requests, it is entirely unclear whether the Bureau will determine that Plaintiff (or anyone else) engaged in any violations of any federal consumer financial law and, if so, whether a public enforcement action would be appropriate.

Even if the Bureau does determine that Plaintiff (or others) have violated federal consumer financial law, there is no indication that the Bureau would initiate an enforcement action before the California district court rules on the constitutional defenses Plaintiff has interposed to the Bureau's petition to enforce the CID. As a result, "[t]his case exemplifies 'the usually unspoken element of the rationale underlying the ripeness doctrine: If [the Court] do[es] not decide it now, [it] may never need to.'" *CTIA-The Wireless Ass'n v. F.C.C.*, 530 F.3d 984, 988 (D.C. Cir. 2008) (quoting *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1431 (D.C. Cir.1996)); *cf. AT&T Co. v. EEOC*, 270 F.3d 973, 975-77 (D.C. Cir. 2001) (finding no final agency action where agency had not decided to file suit).

## II.    Plaintiff Has Failed To State A Claim.

The Complaint must be dismissed not only for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), but also because it fails to state a claim under Fed. R. Civ. P. 12(b)(6).

11

Plaintiff is not entitled to the injunctive and declaratory relief it seeks because it can assert its constitutional challenge to the Bureau's investigation in the ongoing action in the Central District of California.

### A. Plaintiff cannot state a claim for injunctive relief because it cannot show irreparable harm or the absence of an adequate remedy at law.

To obtain a permanent injunction, Plaintiff must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, (2006). "Failing to satisfy any factor is grounds for denying relief." *Morgan Drexen*, 785 F.3d at 694.

To the extent that this Court has jurisdiction, it should dismiss the Complaint because Plaintiff cannot, as a matter of law, demonstrate irreparable harm or that available remedies are inadequate. The Complaint asserts that Plaintiff suffers irreparable harm because it is subject to investigation by an agency that it alleges is unconstitutionally structured. *See, e.g.*, Compl. ¶ 52. Both this Court and the D.C. Circuit have rejected this assertion of per se irreparable harm. This Court explained that Plaintiff's theory was "inconsistent with this Circuit's handling of cases involving enforcement actions pursued in an unconstitutional manner or by an unconstitutional entity because having to submit oneself to an enforcement proceeding typically does not constitute irreparable harm." Mem. Op. at 13 (citing *Jarkesy*, 803 F.3d at 26, and *Deaver v. Seymour*, 822 F.2d 66, 69 (D.C. Cir. 1987)). The D.C. Circuit likewise rejected Plaintiff's assertion that "any alleged separation-of-powers injury is by its very nature irreparable," observing that "[t]he short answer is this Court has held otherwise." *John Doe Co.*, 2017 WL

875030, at *5 (citing *In re al-Nashiri*, 791 F.3d 71, 79-80 (D.C. Cir. 2015), *Morgan Drexen*, 785 F.3d at 695 n.3, and *Tilton v. SEC*, 824 F.3d 276, 286 (2d Cir. 2016)).

Plaintiff's inability to demonstrate irreparable harm is "doubl[ed]" by the fact that "the only consequence of denying an injunction … in the Company's pre-enforcement suit is that it must raise its separation-of-powers arguments in the pending CID enforcement action in district court." *John Doe Co.*, 2017 WL 875030, at *5. Plaintiff's obligation to defend itself in that proceeding is not an irreparable harm. *See id.* (citing *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980), *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974), and *In re al-Nashiri*, 791 F.3d at 80-81). And the existence of that proceeding provides Plaintiff with "an adequate remedy at law." *See Morgan Drexen*, 785 F.3d at 694 (finding that district court did not abuse its discretion in finding that plaintiff had an adequate remedy at law in the form of an enforcement action in California district court).

### B. Plaintiff's request for declaratory relief that would interfere with the pending action in California should be dismissed.

Plaintiff seeks a declaratory judgment from this Court to decide a constitutional argument it has already raised in its opposition to the Bureau's petition. To the extent that this Court has jurisdiction to issue such a judgment, it should dismiss Plaintiff's request.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction," a federal court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). Thus, the Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). This means that "[i]f a district court, in the sound exercise of its judgment, determines after a complaint is

filed that a declaratory judgment will serve no useful purpose," the court is free to dismiss the action without "proceed[ing] to the merits." *Id.* at 288.

The D.C. Circuit has adopted a non-exclusive list of factors relevant to whether it is appropriate to grant a declaratory judgment:

> whether it would finally settle the controversy between the parties; whether other remedies are available or other proceedings pending; the convenience of the parties; the equity of the conduct of the declaratory judgment plaintiff; prevention of procedural fencing; the state of the record; the degree of adverseness between the parties; and the public importance of the question to be decided.

*Morgan Drexen*, 785 F.3d at 696-97 (quoting *Hanes Corp. v. Millard*, 531 F.2d 585, 591 n.4 (D.C. Cir. 1976)).

Just as in *Morgan Drexen*, applying these factors to the Complaint reveals that declaratory relief is inappropriate. *See* 785 F.3d at 697 (holding that district court's conclusion was not an abuse of discretion); *see also Morgan Drexen, Inc v. CFPB*, 979 F. Supp. 2d 104, 116-19 (D.D.C. 2013). "First, an adjudication in the District of Columbia would not 'finally settle the controversy' and could result in 'piecemeal litigation' if the D.C. district court ruled in the Bureau's favor, allowing the [CID] enforcement action in California to continue." *Morgan Drexen*, 785 F.3d at 697. "Second, the [CID] enforcement action in California could resolve all of the issues in the case." *Id.* "Third, [Plaintiff] filed its complaint in the D.C. district court on the eve of enforcement [of the CID]" and engaged in "procedural fencing" to obtain its preferred forum at the expense of the Bureau's ability to have its "traditional choice of forum and timing" as the natural plaintiff. *Id.* at 697-98 (quotation marks omitted). Fourth, while there is no doubt that the constitutional issue is an important one, that issue is currently pending before an en banc panel of the D.C. Circuit. Fifth, as this Court has already noted, the parties have not provided independent "briefing on the constitutional questions surrounding the structure of the CFPB."

14

Mem. Op. at 10. By contrast, in the Central District of California, Plaintiff has already briefed the constitutional issue and the Bureau is scheduled to reply by March 31. Sixth, the convenience of the parties does not favor resolution of the issue in this district as Plaintiff's counsel is "from North Carolina" and Plaintiff "is from California." Mar. 3, 2017 Hr'g Tr. 73:16-17. Finally, the parties will be just as adverse in the California action as they are in this one.

Further proceedings are unnecessary for the Court to conclude that a declaratory judgment would not be appropriate here. *Cf. Airline Pilots Ass'n, Int'l v. Dep't of Transp.*, 880 F.2d 491, 501-02 (D.C. Cir. 1989) (noting "troubling implications" of enjoining proceedings in a district court in another circuit and declining to exercise any such power where requested injunction was a "thinly-veiled attempt to impose D.C. Circuit substantive law on a federal district court in Texas").

## CONCLUSION

This Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim.

| | |
|---|---|
| March 24, 2017 | Respectfully submitted, |

                                        Mary McLeod
                                            *General Counsel*
                                        John R. Coleman
                                            *Deputy General Counsel*
                                        Steven Y. Bressler (DC Bar No. 482492)
                                            *Assistant General Counsel*

                                        /s/ Christopher Deal
                                        Christopher Deal (DC Bar No. 990573)
                                          *Senior Counsel*
                                        Consumer Financial Protection Bureau
                                        1700 G Street, NW
                                        Washington, DC 20552
                                        Tel: (202) 435-9582
                                        Fax: (202) 435-7024
                                        Christopher.Deal@cfpb.gov

                                        *Counsel for Defendants*