IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| FUTURE INCOME PAYMENTS, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:17-cv-0049 (RC) |
| CONSUMER FINANCIAL | ) | |
| PROTECTION BUREAU *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SURREPLY
ADDRESSING ISSUE PRECLUSION**

This case began after the Consumer Financial Protection Bureau (Bureau) sent a civil

investigation demand (CID) to Future Income Payments, LLC (FIP). FIP claimed that the Bureau's

structure is unconstitutional and that the Bureau therefore should not be permitted to publish that CID

or petition a court to enforce it. FIP's Amended Complaint abandons FIP's challenge to the CID and

the related investigation. The Amended Complaint continues, however, FIP's constitutional

challenge to the Bureau's statutory structure. The Bureau's motion to dismiss described why the

Amended Complaint should be dismissed for lack of jurisdiction and for failure to state a claim.

Two days before the Bureau filed its reply in support of its motion to dismiss, the U.S.

District Court for the Central District of California issued a final order requiring FIP to comply

with the Bureau's CID. In so doing, the California district court rejected FIP's constitutional

arguments on the merits and held that the Bureau's structure is constitutional. FIP is therefore

precluded from seeking to relitigate the very same issue against the Bureau here. Nothing in

FIP's surreply, including the fact that the Ninth Circuit subsequently stayed the district court's

order pending appeal, in any way diminishes the order's preclusive effect. If this Court

1

determines that it has subject-matter jurisdiction and that FIP's Amended Complaint should not

otherwise be dismissed for failure to state a claim, the Court should find that the California

district court's order precludes FIP's constitutional claims.

## ARGUMENT

Issue preclusion is an affirmative defense and, like other defenses, "may be raised by pre-

answer motion under Rule 12(b) when the facts that give rise to the defense are clear from the

face of the complaint." *Smith-Haynie v. D.C.*, 155 F.3d 575, 578 (D.C. Cir. 1998); *see also*

*Yamaha Corp. of America v. United States*, 961 F.2d 245 (D.C. Cir. 1992) (affirming dismissal

under Rule 12(b)(6) of issue-precluded claims); 18 *Moore's Federal Practice* ¶ 132.05[6][a]

(3d ed. 2017) ("In certain instances [*i.e.*, where preclusion is clearly shown], a motion to dismiss

on the ground of issue preclusion may be appropriate."). For the reasons laid out in the Bureau's

reply brief, ECF No. 48 at 17-19, it is clear from the complaint and from the parties' filings in

the Central District of California that FIP, having already challenged the constitutionality of the

Bureau's structure and lost, is precluded from relitigating that point here. The parties vigorously

contested the issue in the Central District of California and submitted it for that court's

adjudication. The issue was decided by a court of competent jurisdiction when the district court

judge issued her final order. *See CFPB v. FIP*, No. 8:17cv303, 2017 WL 2190069, at *5-9

(C.D. Cal. May 17, 2017). And denying FIP the chance to reopen the issue would work no basic

unfairness. All three elements of issue preclusion are therefore met, *see generally Martin v.*

*Department of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007) (listing elements), and FIP is

foreclosed from proceeding with its suit.

First, it is clear that "the same issue now being raised [was] contested by the parties and

submitted for judicial determination in the prior case." *Id.* FIP appears to concede that it

previously presented its separation-of-powers claim in the California district court and submitted

for that court's consideration whether the Bureau is unconstitutionally structured. FIP argues,

however, that it did not raise its claim that being subject to an unconstitutionally structured

agency violates its due process rights under the Fifth Amendment. Even assuming for present

purposes that the separation-of-powers and Fifth Amendment claims are meaningfully

distinguishable, both turn entirely on whether or not the Bureau is constitutionally structured, the

very issue the California district court addressed in its final order. *Compare* Am. Compl. ¶¶ 55-

59 (alleging that the Bureau is unconstitutional because its structure violates the separation of

powers), *with id.* ¶¶ 60-63 (alleging that FIP's Fifth Amendment rights are violated by the

Bureau's unconstitutional structure). That FIP has repackaged its separation-of-powers argument

as a Fifth Amendment claim makes no difference for whether or not the legal issue underlying

both claims was contested by the parties and submitted for decision in the prior proceeding.

*See, e.g.*, *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997) ("Issues may be

deemed identical even though their factual contexts and underlying claims differ."); *Yamaha*

*Corp.*, 961 F.2d at 254 ("[O]nce an *issue* is raised and determined, it is the entire *issue* that is

precluded, not just the particular arguments raised in support of it in the first case."). The legal

issue whether the Bureau is constitutionally structured is integral to both claims, and it was front

and center in the prior proceeding.

　　Second, the issue was "actually and necessarily determined by a court of competent

jurisdiction" when the California district court issued its final order upholding the Bureau's

constitutionality. *Martin*, 488 F.3d at 454. FIP disputes this element of preclusion on the ground

that a motions panel of the Ninth Circuit stayed the order pending appeal. (FIP appears to

concede, correctly, that the mere fact that a decision is on appeal does not rob it of preclusive

effect. *See, e.g.*, *Southern Pac. Commc'ns Co. v. American Telephone & Telegraph Co.*, 740 F.2d 1011, 1018 (D.C. Cir. 1984) ("the rule in this circuit is that collateral estoppel may be applied to a trial court finding even while the judgment is pending on appeal").) But FIP's conclusion does not follow. The stay pending appeal does not mean that that California district court did not decide the issue; indeed, FIP is able to pursue its pending appeal only because it is challenging a "final decision" of the district court. *See* 28 U.S.C. § 1291.[1] Further, FIP's argument is foreclosed by the Supreme Court's decision in *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941), which explained that, "in the federal courts the general rule has long been recognized that while appeal with proper supersedeas stays execution of the judgment, it does not—until and unless reversed—detract from its decisiveness and finality."

FIP asserts that *Huron Holding* should be limited to its facts, but it provides neither rationale nor case law to support that *ipse dixit*. Instead, this Circuit has read the case as standing for the broad proposition that "[a] prior judgment will support a claim of collateral estoppel even where it has been stayed pending appeal." *Nixon v. Richey*, 513 F.2d 430, 438 n.75 (D.C. Cir. 1975) (citing *Huron Holding*); *see also Cruz v. Melecio*, 204 F.3d 14, 20 n.4 (1st Cir. 2000) ("[T]he finality of a judgment for res judicata purposes ordinarily is unaffected by the presence of a stay."); *Restatement (Second) of Judgments* § 13 cmt. f ("[F]inality is not affected by the fact that the taking of the appeal operates automatically as a stay or supersedeas of the judgment … or by the fact that the appellant has actually obtained a stay or supersedeas pending appeal.").

---

[1] Contrary to FIP's allegations, there is no inconsistency between the Bureau's reliance in the Ninth Circuit on both of the grounds that the California district court gave for its ruling and the Bureau's argument in this Court that the California district court actually and necessarily decided one of those grounds: the constitutionality of the Bureau's structure. *See* Pl.'s Surreply at 7-8, ECF No. 51. The fact that the California district court provided an alternative basis for its ruling does not lessen the preclusive effect of its constitutional holding, *see Yamaha Corp.*, 961 F.2d at 255, and FIP has not argued otherwise.

That a two-judge motions panel of the Ninth Circuit granted FIP a stay pending appeal, without

explanation, says little about how the merits panel will eventually decide that appeal. Still less

does it overturn the rule in this Circuit that a valid judgment by a court of competent jurisdiction

has preclusive effect even while on appeal.

Finally, there is no "basic unfairness" in denying FIP an opportunity to revisit the same

issue it has already litigated against the Bureau. *Martin*, 488 F.3d at 454. FIP disagrees, claiming

that the Bureau is trying "to preempt a pending en banc D.C. Circuit decision" on the

constitutionality of the agency's structure, a decision FIP predicts will work "an imminent

change in law." Pl.'s Surreply at 8-9. But the Bureau is not seeking to "preempt" any future

decisions, nor is it "ask[ing] this Court to decide a fundamental question of constitutional law."

*Id.* at 1. The Bureau is simply asking the Court to recognize that as between the parties the

constitutional question FIP wants the Court to decide has already been resolved by a final

judgment in the Central District of California. The Court should decline FIP's invitation to

interfere with that judgment. *Cf. Airline Pilots Ass'n, Int'l v. Dep't of Transp.*, 880 F.2d 491, 502

(D.C. Cir. 1989) (noting "troubling implications" of enjoining district-court proceedings in

another circuit; requested injunction was a "thinly-veiled attempt to impose D.C. Circuit

substantive law on a federal district court in Texas"). Likewise, the "imminent change" FIP

expects in D.C. Circuit precedent has nothing to do with the validity—or preclusive effect—of a

final judgment entered by a district court in the Ninth Circuit.

Even more puzzling is FIP's argument that there will be a "substantial risk" of

inconsistent judgments if it is precluded from relitigating the Central District of California order.

Pl.'s Surreply at 9-10. This argument turns preclusion on its head. "The doctrine of issue

preclusion … serves to 'protect against the expense and vexation attending multiple lawsuits,

conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of

inconsistent decisions.'" *Nat'l Ass'n of Home Builders v. EPA*, 786 F.3d 34, 41 (D.C. Cir. 2015)

(brackets and quotation marks omitted) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).

FIP's position would undermine every one of these important purposes, including by creating the

possibility of inconsistent judgments between the parties as to the Bureau's constitutionality.

Moreover, FIP assumes that it would be unfair for courts in different circuits to come to

different conclusions on a question of law arising in different cases between different litigants

and the government. FIP is wrong. The Supreme Court rejected this approach when it held that

nonmutual issue preclusion does not apply against the government. *See United States v.*

*Mendoza*, 464 U.S. 154, 160 (1984) (applying "nonmutual collateral estoppel against the

government in such cases would substantially thwart the development of important questions of

law by freezing the first final decision rendered on a particular legal issue"); *see also American*

*Fed'n of Gov't Employees, Council 214, AFL-CIO v. Fed. Labor Relations Auth.*, 835 F.2d 1458,

1462 (D.C. Cir. 1987) ("Collateral estoppel will apply against the government only if mutuality

of parties exists."). In short, there is no unfairness in holding FIP to the longstanding rules of

federal issue preclusion.

Applying those rules to this case, dismissal is clearly appropriate because the legal issue

underlying FIP's claims has already been decided between the parties. At the same time, courts

in this Circuit have recognized that when a prior decision with preclusive effect is on appeal, it

may sometimes be appropriate for a court to exercise its inherent power to stay proceedings until

the appeal is resolved. *See, e.g.*, *Univ. of Colorado Health at Mem'l Hosp. v. Burwell*, No. 14-cv-

1220 (RC), 2017 WL 535246, at *12 (D.D.C. Feb. 9, 2017) (citing *Martin v. Malhoyt*, 830 F.2d

237, 264 (D.C. Cir. 1987)).[2] By so deferring consideration of the preclusion issue, courts may

avoid "denying relief on the basis of a judgment that is subsequently over-turned." *Martin*,

830 F.2d at 264. But although a precluded claim may be dismissed immediately or stayed while

the prior decision is on appeal, it cannot be permitted to move forward to a potentially

inconsistent judgment.

**CONCLUSION**

For all of the reasons stated above and in the Bureau's previous filings on this motion,

this Court should dismiss FIP's Amended Complaint for lack of subject-matter jurisdiction or, in

the alternative, for failure to state a claim.

June 23, 2017

Respectfully submitted,

Mary McLeod
    *General Counsel*
John R. Coleman
    *Deputy General Counsel*
Steven Y. Bressler (DC Bar No. 482492)
    *Assistant General Counsel*
Christopher Deal (DC Bar No. 990573)
    *Senior Counsel*

*/s/  Kevin E. Friedl*
Kevin E. Friedl
    *Attorney*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Tel: (202) 435-9268
Fax: (202) 435-7024
kevin.friedl@cfpb.gov

*Counsel for Defendants*

---

[2] Although no party to this litigation has sought a stay at this time, the Bureau notes that a stay would be appropriate only if the Court (a) found it had jurisdiction, *and* (b) did not accept the Bureau's other arguments for dismissal under Rule 12(b)(6), such as that FIP cannot show irreparable harm or that it lacks an adequate remedy at law. *See* Defs' Mot. to Dismiss at 12-16, ECF No. 45.