IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FUTURE INCOME PAYMENTS, LLC, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) ) | Civil Action No. 1:17-cv-0049 (RC) |
| CONSUMER FINANCIAL PROTECTION BUREAU, *and* MICK MULVANEY, *in his official capacity as Acting Director of the Consumer Financial Protection Bureau*,[1] | ) ) ) ) ) ) ) | |
| *Defendants*. | ) ) | |

**DEFENDANTS' RESPONSE TO THE COURT'S MINUTE ORDER
OF JANUARY 31, 2018 REGARDING *PHH CORPORATION v. CFPB***

Defendants the Consumer Financial Protection Bureau, et al., ("Bureau") respectfully provide this Response to the Court's Minute Order of January 31, 2018, directing the parties to address the effect, if any, of the en banc D.C. Circuit's recent decision in *PHH Corp. v. CFPB*, --- F.3d ---, 2018 WL 627055 (D.C. Cir. Jan. 31, 2018), on the Bureau's pending Motion to Dismiss (ECF No. 45).

The decision in *PHH Corp.* provides an additional reason for this Court to grant the Bureau's Motion to Dismiss.

Plaintiff Future Income Payments, LLC (FIP) filed this lawsuit challenging the Bureau's constitutionality after it received a civil investigative demand (CID) from the Bureau. The Bureau has moved to dismiss FIP's Amended Complaint. Its briefing in support of that motion explained that this case should be dismissed under Rule 12(b)(1) for lack of jurisdiction, in part

---

[1] By operation of Federal Rule of Civil Procedure 25(d), Mick Mulvaney, Acting Director of the Consumer Financial Protection Bureau, is substituted for his predecessor as a defendant.

because the exclusive forum for adjudicating any constitutional challenge with respect to the CID was in the U.S. District Court for the Central District of California, where the Bureau had filed a petition to enforce the CID. *See* Defs' Mot. to Dismiss at 6-12; Defs' Reply at 6-16 (ECF No. 48). Moreover, FIP cannot establish its standing based on a CID the company now says it is not challenging here and that, in any event, has not caused it any injury-in-fact. *See* Reply at 7-8; *see also John Doe Co. v. CFPB*, 849 F.3d 1129, 1132-33 (D.C. Cir. 2017) (FIP, then proceeding under a pseudonym, "utterly failed" to show that the CID caused it injury-in-fact.). To the extent FIP sought to pursue a broader challenge to the Bureau's statutory structure, untethered to the CID, the company lacks standing to bring that claim as well. *See* Reply at 8-12; *see also John Doe Co.*, 849 F.3d at 1132-32. The Bureau further explained that the case should be dismissed under Rule 12(b)(6) for failure to state a claim for injunctive or declaratory relief, in part because the existence of the California proceeding provided FIP with an adequate remedy at law. *See* Mot. to Dismiss at 12-16; Reply at 19-21.

While that briefing was underway, the California district court entered a final order requiring FIP to comply with the CID and rejecting its constitutional challenge to the Bureau's structure. That final order deciding the constitutional issue between the parties precluded FIP from relitigating the very same issue in this Court, providing still another ground for dismissing this case under Rule 12(b)(6). *See* Defs' Resp. Addressing Preclusion (ECF No. 54).

The Court should dismiss FIP's Amended Complaint for the reasons stated above and in the Bureau's previous filings. In the event, however, that the Court concludes (1) that it has jurisdiction over FIP's Amended Complaint *and* (2) that FIP's constitutional claim is not precluded by the California district court's adjudication of that very issue, the Court should still dismiss the complaint because FIP's claim that the Bureau is unconstitutionally structured is

directly foreclosed by the contrary holding of the full D.C. Circuit in *PHH Corp*, which is, of course, binding on this Court.[2] In *PHH Corp.*, the D.C. Circuit held that the "provision of the Dodd-Frank Wall Street Reform and Consumer Protection Act shielding the Director of the CFPB from removal without cause is consistent with Article II." 2018 WL 627055, at *1. The court also addressed the constitutionality of the Bureau's funding—another issue raised by Plaintiff—and held that "Congress can, consistent with the Appropriations Clause, create governmental institutions" funded outside "the ordinary appropriations process," and that the Bureau's funding "has no constitutionally salient effect on the President's power." *Id.* at *15-16.

February 15, 2018                                              Respectfully submitted,

                                        Mary McLeod
                                            *General Counsel*
                                        John R. Coleman
                                            *Deputy General Counsel*
                                        Steven Y. Bressler (DC Bar No. 482492)
                                          *Assistant General Counsel*

                                        */s/ Kevin E. Friedl*
                                        Kevin E. Friedl
                                          *Counsel*
                                        Christopher Deal (DC Bar No. 990573)
                                          *Senior Counsel*
                                        Consumer Financial Protection Bureau
                                        1700 G Street NW
                                        Washington, DC 20552
                                        Tel: (202) 435-9268
                                        Fax: (202) 435-7024
                                        kevin.friedl@cfpb.gov

                                        *Counsel for Defendants*

---

[2] Nothing in FIP's proposed supplemental pleadings, *see* Pl.'s Mot. to Supp. (ECF No. 55), alters this analysis because FIP does not propose to add to or amend its substantive claims for relief.