IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

)
FUTURE INCOME PAYMENTS, LLC,    )
)
         *Plaintiff*,    )
)
    v.    )
)    Civil Action No. 1:17-cv-0049 (RC)
CONSUMER FINANCIAL    )
PROTECTION BUREAU, *and*    )
MICK MULVANEY, *in his official*    )
*capacity as Acting Director of the*    )
*Consumer Financial Protection Bureau*,    )
)
         *Defendants*.    )
)

---

**NOTICE REGARDING RELATED CASES**

Defendants the Consumer Financial Protection Bureau, et al., ("Bureau") respectfully

provide this notice regarding further developments in related cases involving the parties.

On September 13, 2018, the Bureau filed an enforcement action against Future Income

Payments, LLC (FIP) alleging that the company violated the Consumer Financial Protection Act

and the Truth in Lending Act by misleading consumers that its pension-advance products were

not loans when they in fact were loans and by failing to disclose the cost of those loans. *See*

*Bureau of Consumer Financial Protection v. Future Income Payments, LLC*, No. 8:18-cv-1654

(C.D. Cal.).

The same day, the Bureau notified FIP that it was withdrawing the civil investigative

demand (CID) it had issued to FIP and that is the subject of a pending appeal in the Ninth Circuit

concerning FIP's obligation to comply with the CID. *See CFPB v. FIP, LLC*, No. 17-55721 (9th

Cir.). That appeal arose out of a proceeding to enforce the CID that the Bureau filed in the

Central District of California. The district court in that proceeding considered and rejected the

same constitutional challenge to the Bureau's organic statute that FIP seeks to press in this case.
*See CFPB v. FIP, LLC*, 252 F. Supp. 3d 961, 970-75 (C.D. Cal. 2017).

On September 26, 2018, the Bureau filed an unopposed motion in the Ninth Circuit to dismiss the appeal as moot and to vacate the district court's ruling with respect to the constitutional issue. (That motion is attached to this Notice as Appendix A.) As of the date of this filing, the Ninth Circuit had not acted on the motion.

The Bureau stands ready to provide further briefing on these developments if the Court determines that it would be of assistance in the resolution of the Bureau's pending motion to dismiss FIP's complaint in this case.

Dated: October 10, 2018

Respectfully submitted,

Mary McLeod
   *General Counsel*
John R. Coleman
   *Deputy General Counsel*
Steven Y. Bressler (DC Bar No. 482492)
   *Assistant General Counsel*

*/s/  Kevin E. Friedl*
Kevin E. Friedl
   *Counsel*
Christopher Deal (DC Bar No. 990573)
   *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Tel: (202) 435-9268
Fax: (202) 435-7024
kevin.friedl@cfpb.gov

*Counsel for Defendants*

# APPENDIX A

# IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

CONSUMER FINANCIAL
PROTECTION BUREAU,
               *Petitioner-Appellee*,

                      Case No. 17-55721

        v.

FUTURE INCOME PAYMENTS, LLC,
               *Respondent-Appellant*,

_____

## UNOPPOSED SUGGESTION OF MOOTNESS
## AND MOTION TO DISMISS FOR LACK OF JURISDICTION

The Consumer Financial Protection Bureau filed this subpoena-enforcement proceeding in district court for the sole purpose of enforcing a civil investigative demand ("CID") it sent to Future Income Payments, LLC ("FIP"). The Bureau formally withdrew that CID on September 13, 2018 and no longer seeks a court order, or any other form of relief, compelling FIP to comply with the CID. As a result, this appeal is now moot and should be dismissed for lack of jurisdiction.[1]

_____

[1] Counsel for the Bureau consulted with counsel for FIP before filing this motion. FIP's counsel states that FIP consents to this motion and the relief sought.

## ARGUMENT

In November 2016, the Bureau sent FIP an administrative subpoena, known as a civil investigative demand, seeking information about the company's business. After FIP made clear it would not comply, the Bureau filed a petition to enforce the CID in the Central District of California. *See* 12 U.S.C. § 5562(e). FIP argued in the district court that it did not have to comply with the CID because, among other reasons, the Bureau's organic statute violates the constitutional separation of powers. After briefing and a hearing, the district court rejected that and FIP's other arguments against the CID and ordered the company to comply. FIP appealed to this Court, which stayed the district court's order. FIP's sole argument on appeal is that the district court erred in enforcing the CID because the Bureau's statute is unconstitutional. To date, the company has not produced any information in response to the CID.

While the parties continued to dispute the enforceability of the CID, the Bureau's investigation into FIP's business continued. On September 13, 2018, the Bureau filed an enforcement action against FIP alleging that the company violated the Consumer Financial Protection Act and the Truth in Lending Act by misleading consumers that its pension-advance products were not loans when they in fact were loans and by failing to disclose the cost of those loans. *See Bureau of Consumer Financial Protection v. Future Income Payments, LLC*, No. 8:18-cv-

2

1654 (C.D. Cal.). The same day, the Bureau notified FIP that it was withdrawing the CID. By statute, the Bureau may issue CIDs "*before* the institution of any proceedings" to enforce federal consumer financial law. 12 U.S.C. § 5562(c)(1).

Because the Bureau has withdrawn and no longer seeks to enforce the CID it sent FIP, this case is now moot. *See Does 1-4 v. U.S. Attorney Office, Dist. of Nevada*, 407 F. App'x 165, 166 (9th Cir. 2010) (challenge to grand-jury subpoena that government no longer sought to enforce was moot); *Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080, 1089 (D.C. Cir. 2017) (subpoena-enforcement proceeding became moot after the congressional subcommittee that issued the subpoena completed its investigation and "no longer s[ought] to enforce any part of the subpoena").

This Court's "established practice" when a case becomes moot on appeal due to the "unilateral action of the party who prevailed below" is to "dismiss the appeal as moot, vacate the judgment below and remand with a direction to dismiss the complaint." *Pub. Utilities Comm'n v. FERC*, 100 F.3d 1451, 1461 (9th Cir. 1996) (citations omitted). Because FIP sought to challenge on appeal the district court's constitutional ruling, but not its statutory rulings concerning the scope and burden of the CID, this Court should vacate the opinion below only with respect to the district court's constitutional ruling.

3

# CONCLUSION

For the foregoing reasons, this appeal should be dismissed for lack of jurisdiction and the below order vacated in part as to the constitutional ruling. The parties should bear their own costs.

Dated:  September 26, 2018

Respectfully submitted,

/s/  Kevin E. Friedl

Mary McLeod
*General Counsel*
John R. Coleman
*Deputy General Counsel*
Steven Y. Bressler
*Assistant General Counsel*
Kevin E. Friedl
Christopher J. Deal
*Attorneys*

Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552
(202) 435-9268 (telephone)
(202) 435-7024 (facsimile)
kevin.friedl@cfpb.gov
*Counsel for Petitioner-Appellee*
*Consumer Financial Protection Bureau*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on September 26, 2018.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


Dated: September 26, 2018          /s/  Kevin E. Friedl

                                       Kevin E. Friedl
Attorney for Petitioner-Appellee
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552
(202) 435-9268 (telephone)
(202) 435-7024 (facsimile)
kevin.friedl@cfpb.gov